

**ORDERED in the Southern District of Florida on January 19, 2022.**

_____
**Mindy A. Mora, Judge**
**United States Bankruptcy Court**
_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 21-10643-MAM |
| Charlotte Lockhart,<br>    Debtor.<br>_____/ | Chapter 13 |

### ORDER DIRECTING ATTORNEY BRAIN J. COHEN AND THE COHEN LAW FIRM, P.A. TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED

**THIS MATTER** came before the Court *sua sponte*. On October 20, 2021, Charlotte Lockhart ("Debtor") filed a letter construed as a request for judicial assistance (ECF No. 33) (the "Motion"). The Court scheduled a hearing upon the Motion on November 16, 2021 at 11:00 a.m. (the "Hearing"). Shortly after the filing of the Motion but before the Hearing, Attorney Brian J. Cohen ("Cohen") of The Cohen Law Firm, P.A. (the "Cohen Firm") filed a motion seeking to withdraw as Debtor's counsel (ECF No. 38) and a Response (ECF No. 39) to Debtor's Motion.

At the Hearing, Debtor represented that the payment amounts in the First Amended Plan filed as ECF No. 22 (the "Amended Plan") exceeded any anticipated amount for plan payments.[1] The Court then observed that the Amended Plan did not have an actual or "wet ink" signature for Debtor and instead contained only an "/s/" designation for Debtor. The Amended Plan also included an electronic signature for Cohen as the "Attorney with permission to sign on Debtor(s)' behalf".

The Court then questioned Josh Arthur ("Arthur"), the attorney from the Cohen Firm attending the Hearing, whether an actual signature existed for Debtor as to the Amended Plan. Arthur represented to the Court that he was unsure and would have to check the Cohen Firm's files. Based upon this representation, the Court rescheduled the Hearing to December 21, 2021 (the "Continued Hearing").

Attorney Cohen attended the Continued Hearing. At that time, he represented to the Court that he signed the Amended Plan on Debtor's behalf based upon a limited power of attorney (the "POA") signed by Debtor in connection with her retention of

---

[1] Debtor's original plan contemplated payments of $770 per month for the first 5 months and payments of $1,994.90 for months 6-60 (the "Phase 2 Plan Payments"). ECF No. 17. The First Amended Plan increased the Phase 2 Plan Payments to $2,576.35 per month. ECF No. 22. At the Hearing, Debtor represented that she never approved or contemplated plan payments above $1800 per month. It was unclear from the record of the Hearing and the Continued Hearing whether Debtor saw a copy of the Amended Plan or was advised of its terms by her counsel prior to its filing. As a result, the Court questions if Debtor was aware of the amount of the original Phase 2 Payments and also queries whether Debtor expressly approved the significantly increased Phase 2 Payments set forth in the Amended Plan.

the Cohen Firm to represent her in this Bankruptcy Case.[2] Cohen did not produce an actual (wet ink) signature indicating Debtor's intent to file the Amended Plan.[3]

Further questioning revealed that computations for the Debtor's schedules and statements of financial affairs prepared by Cohen and/or the Cohen Firm included all of Debtor's husband's income but did not also include a full and accurate listing of all of his expenses. Rather, after including all of Debtor's husband's income, the Cohen Firm merely included a portion of the household expenses paid by such income. *In re Quarterman*, 342 B.R. 647, 651 (Bankr. M.D. Fla. 2006); *In re Campbell*, Case No. 17-25246-LMI, 2019 WL 722759, at *2 (Bankr. S.D. Fla. Feb. 15, 2019) (citing same). As a result, it seems possible that the plan payments in the Amended Plan are based upon an inaccurate picture of Debtor's available disposable income.

In addition, the attorney for the Chapter 13 Trustee represented that the Cohen Firm has received plan payments of $2875.95, which constitutes all of the Chapter 13 Trustee's disbursements under the Amended Plan to date, plus an additional $1,000 in prepetition payments. *See* ECF Nos. 16, 17, and 22. No other creditor has been paid pursuant to the original plan or the Amended Plan.

---

[2] Specifically, Cohen represented at the Continued Hearing that Debtor's engagement letter (the "Engagement Letter") included the following provision: "Grant of limited power of attorney and authority to execute the chapter 13 plan and all other documents necessary. The client herein consents to the attorney preparing the plan and, if necessary due to time constraints, sign the plan and client herein grants a limited power of attorney for such purposes and for the purpose of signing any other schedule if needed." Cohen further stated that the Engagement Letter followed a standard form utilized by the Cohen Firm for many years and that no separate court approval had been sought for exercise of the POA.

[3] Cohen indicated that it is the Cohen Firm's typical practice to get a verbal consent from clients for plan changes and later seek an actual signature to back up that consent. This practice is inconsistent with Local Rules 5005-4, 9011-1, and Administrative Order 2020-13. Debtor disputes that her verbal consent was ever sought.

Based upon these and other concerns, the Court deems it appropriate to investigate whether sanctions are appropriate against Cohen and/or the Cohen Firm for failure to properly represent Debtor's interests in this Bankruptcy Case. At that time, the Court will also consider whether disgorgement of all or any portion of the fees paid by Debtor to the Cohen Firm is appropriate.

Accordingly, the Court, being fully advised in the premises, hereby **ORDERS AND ADJUDGES** that:

1. Cohen and the Cohen Firm are **DIRECTED** to show cause why the Court should not impose sanctions for failure to properly represent Debtor's interests in the Bankruptcy Case.

2. Cohen and the Cohen Firm are **DIRECTED** to file a copy of the full Engagement Letter with the POA upon the docket to this Bankruptcy Case within five days of entry of this Order. To the extent that the Engagement Letter or the POA contain any personal or confidential information, Cohen is **DIRECTED** to redact such information from the filed copy of the Engagement Letter or the POA.

3. Cohen and the Cohen Firm are **DIRECTED** to file a copy of the legal authority supporting computation of Debtor's disposable income as inclusive of all of Debtor's husband's income.

4. The Court shall conduct a hearing on the Show Cause Order on **February 1, 2022 at 11:00 a.m.** The hearing will take place at the United States Bankruptcy Court located at 1515 N. Flagler Drive, Courtroom A, Room 801, West Palm Beach FL 33401.

5. Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser:

https://www.zoomgov.com/meeting/register/vJItdumqrzstGdoBW4nz6tq3IJmn8ydPxj4

6. If a party is unable to register online, please contact Maria Romaguera, Courtroom Deputy, at 561-514-4109 or email Maria_Romaguera@flsb.uscourts.gov.

7. All participants, whether attending in person or remotely, must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video.

###

Copies furnished to:

**Brian J Cohen, Esq**
The Cohen Law Firm, P.A.
1700 University Dr Suite 210
Coral Springs, FL 33071

**Charlotte Lockhart**
6591 Cobia Circle
Boynton Beach, FL 33437

AUST

Robin R Weiner, Ch 13 Trustee

*Attorney Cohen is directed to serve a copy of this Order in accordance with all applicable rules.*