# THE
# COHEN LAW FIRM, P.A.

1700 UNIVERSITY DRIVE, SUITE 210
CORAL SPRINGS, FLORIDA 33071
TEL: 954·346·1400 • FAX: 954·346·0400
ALL CORRESPONDENCE TO CORAL SPRINGS

BRIAN J. COHEN
JOSH ARTHUR

## CONTRACT FOR BANKRUPTCY LEGAL SERVICES AND REPRESENTATION

THIS CONTRACT MADE AND ENTERED INTO THIS __10th__ day of __MARCH__, 2020, by __CHARLOTTE LOCKHART__, herein ("Client"), whose address is: ███████████████, and telephone number(s): ███████████████, and THE COHEN LAW FIRM, P.A., herein ("Attorney").

WITNESSETH THAT for valuable consideration paid by Client and of which receipt by Attorney is herein acknowledged, it is agreed:

1. **EMPLOYMENT**: Client hereby retains and employs the Attorney as my Attorney at Law to represent me during the one (1) year period from the date of this Agreement, and not to exceed the stated one (1) year period if the case, unless the bankruptcy case is filed within said one (1) year period, regarding the following limited and stated matter:

   CHAPTER 13 BANKRUPTCY:
   a. Analysis of the Client's financial situation and advice regarding the filing of bankruptcy;
   b. Handling all communications with creditors on Client's behalf, including all necessary notifications and verifications of Client's status in bankruptcy; filing of a suggestion of bankruptcy to halt any pending lawsuit, to enjoin foreclosure proceedings or vehicle repossession, and/or to prevent or cease any writ of garnishment of wages; and acceptance of and response to all creditor correspondence;
   c. Preparation of the Chapter 13 petition, with all accompanying schedules, statement of financial affairs, one (1) statement of current monthly income, one (1) means test calculation, if applicable;
   d. Preparation of the Chapter 13 Plan;
   e. Representation of and attendance with the Client at the first scheduled §341(a) meeting only ("Meeting of Creditors") before the United States Trustee; and
   f. Representation of Client and attendance at §1324 hearing ("Confirmation Hearing") before the United States Trustee.

   A. **ATTORNEY FEES**: In consideration of the services rendered and to be rendered by the Attorney, Client hereby agrees to pay as a non-refundable retainer, to be applied to fee and deemed earned when paid, the sum of $ __500__. The Initial Retainer Sum of $ __1,000__ shall be paid by Client prior to the filing of this bankruptcy case, thereby leaving due and payable prior to the filing of this case the amount of $ __500__; said Initial Retainer Sum shall be initially applied to the standard attorney's fee of $4,500.00, thereby leaving a remaining balance due and payable of $ __3,500__, the payment of which shall be paid by and through the Chapter 13 Plan payments. It is expressly understood and agreed to by Client that all attorney fees paid under this representation agreement are deemed earned when paid and shall be entirely non-refundable. It is expressly understood that no representation of any kind will be undertaken on behalf of the above-named individual(s) unless and until the retainer amount is received by The Cohen Law Firm, and all terms under this Agreement are conditional upon receipt of said retainer. It is expressly understood that no bankruptcy case will be filed for or on behalf of Client unless and until the Initial Retainer Sum as stated above is received by and funds fully available to The Cohen Law Firm, P.A. If applicable, any additional attorney fees, excluding flat fee items, incurred in this case will be assessed and billed at the hourly rate of $425.00 per hour, and shall be paid by Client through the Chapter 13 Plan payments after a fee application is filed with and approved by the Court. Any fee increase, whether it be for the "no look" attorney fee and/or any motion fee or other flat fee item, whether approved by Court or otherwise, shall be the responsibility of the Client.

   B. **COURT FILING FEES & COSTS**: Client shall pay the sum of $539.00, said sum to cover the required Court filing fee and associated costs necessary to prepare and file the Chapter 13 petition and all required documents. Any fee increase by act of Congress and/or the Court shall be the responsibility of the Client.

   C. **PAYMENT**: The balance payable under this Agreement shall be payable by Client in regularly scheduled payments commencing in the month following the date of this Agreement. The payment amount shall be made either as a regularly scheduled DEBIT from a bank account of or on behalf of the Client, OR shall be paid directly to The Cohen Law Firm, P.A. by or on behalf of the Client. Any balance remaining shall be payable by or on behalf of Client in regular increments until the remaining balance is fully paid. If the entire Attorney fee is not paid in full at the expiration of the one (1) year period from the date of this Agreement, Attorney reserves the right to terminate representation of the Client at such time. In the event of such termination, it is expressly understood and agreed to by Client that all attorney fees paid under this representation agreement shall be deemed earned when paid and shall be entirely non-refundable.

OFFICE LOCATIONS
CORAL SPRINGS • FORT LAUDERDALE • BOCA RATON
WEST PALM BEACH • PORT ST. LUCIE • VERO BEACH

D. **COSTS OF ACTION:** The Client is responsible for all costs incurred in representing the client, if applicable, including the fee charged by the approved agency providing the mandated credit counseling and debtor education requirements under BAPCPA. The case cannot be filed nor discharged unless both are completed.

E. **BASIS OF FEES:** Client acknowledges that the basis for computing attorney fees has been explained to the Client and that attorney compensation is based on time, labor, novelty and difficulty of the legal matter, time limitations imposed, and the experience and ability of the attorney. No guarantee as to outcome has been made by the attorney. This fee does not include appeals or trials or refiling of bankruptcy if such becomes necessary.

F. **CHAPTER 13 PAYMENT PROVISION:** It is expressly understood and agreed to by Client that if Client files under Chapter 13 and Client's plan is not confirmed or Client does not complete the Chapter 13 plan for any reason and the case is dismissed or converted to a Chapter 7 case, Client agrees that the balance of any fee due Attorney under this representation agreement shall be paid from any monies having been paid to the Chapter 13 trustee by Client or on Client's behalf; however, the amount paid by the Chapter 13 trustee in the event of dismissal shall not be greater than an amount which, when added to any fee already paid to Attorney to the date of dismissal, does not exceed the greater of $3,500.00, or any fee approved under a fee application made to the Court, exclusive of costs.

G. **CLIENT COOPERATION:** The Client agrees to fully cooperate with the Attorney, to respond truthfully, accurately and promptly to all requests for information, documents, signatures, answers, and any other request made by the Attorney, to attend all appointments, including the §341 meeting of creditors and, if necessary, confirmation hearings. Communications by Client deemed excessive and/frivolous may be grounds for termination of Agreement.

H. **ANY OTHER MATTERS:** No other legal matters other than stated herein are included in this representation agreement and no action will be taken unless specifically retained by separate agreement.

2. **SPECIFIC EXCLUSIONS:** The following are additional services which the circumstances of your case may necessitate or you may select and are specifically excluded from the above-referenced representation; should Client choose to engage Attorney for any of the following services, these are billed separately, and shall be billed at a flat rate or at a standard hourly rate, billed in 1/10th increments or as specified, plus court costs:

1. All litigation, including but not limited to defense of adversarial actions by creditors, including dischargeability, or filing of debtor's adversary actions to determine dischargeability; 2. Motion to vacate dismissal and/or reinstate case ($525.00); 3. Motion to set interest rate or value motor vehicle or other collateral ($525.00); 4. Motion to modify plan ($525.00); 5. Motion to strip mortgage or HOA arrears ($775.00); 6. Motion to shorten prejudice period to refile ($525.00); 7. Motion to sell homestead or sell or purchase other real property or approve refinance ($525.00); 8. Motion to approve loan modification ($525.00); 9. Motion to extend stay ($525.00); 10. Motion to avoid judicial lien or strip IRS lien ($525.00) 11. All subsequent statement of current monthly income preparations (if necessary beyond first initially prepared) ($75.00); 12. All subsequent means test calculation preparations and analyses (if necessary beyond first initially prepared) ($150.00); 13. Missed and rescheduled review and sign appointment ($125.00); 14. Maintaining file on hold at request of Client in lieu of filing case subsequent to completion of work by Attorney pursuant to Section 1(c) of this Agreement ($375.00 first month / $125.00 per month thereafter); 15. Conversion to Chapter 7 ($1,500.00 plus balance of unpaid Chapter 13 fees and applicable court fees); 16. Mortgage Modification Mediation ($2,500.00 per real property, plus $300.00 mediator fee and $165.00 fee plus costs); 17. Amendments to schedules ($150.00 plus $31.00 court fee); 18. Addition/deletion of creditors ($150.00 up to five creditors, $25.00 each additional creditor, plus $31.00 court fee); 19. Trustee payoff request ($350.00); 20. Motion to allow early payoff ($525.00); 21. Subsequent retention under separate retainer following termination ($750.00 and up); 22. Client requested letter ($150.00); 23. §2004 exams ($900.00 for up to two hours); 24. Obtaining IRS Tax Return transcript(s) ($75.00)/Account transcript and interpretation ($350.00); 25. U.S. Trustee document requests ($350.00); 26. Negotiations with trustee, including valuation ($500.00 initial/$425.00 hourly rate); 27. Objections to exemptions and/or confirmation; 28. Motion for issuance of discharge ($525.00); 29. Motion for order for denial of discharge ($525.00); 30. Motion for hardship discharge ($525.00); 31. Motion to waive post-filing debtor education requirement ($525.00); 32. Motion to excuse debtor from §341 meeting ($250.00); 33. Continued §341 meeting attendance due to Client neglect ($100.00); 34. U.S. Trustee audits ($850.00 initial/$425.00 hourly rate); 35. Obtaining addresses of debtor's creditors; 36. All state and federal court actions and litigation; 37. Motion for extension of time ($250.00); 38. Request to incur additional debt ($125.00); 39. Motion to approve settlement ($525.00); 40. Motion to separately classify student loans ($525.00); 41. Motion or request to approve purchase of vehicle ($525.00); 42. Motion to enforce stay against creditor ($525.00); 43. Motion to reopen case ($2,500.00, plus $150.00 per added omitted creditor plus $260.00 court fee); 44. Motion to reopen case to file required debtor education course certificate ($300.00 plus $260.00 court fee); 45. Excessive and/or persistent client-initiated contact; 46. Retrieval of closed file ($250.00); 47. Undisclosed assets and/or relevant financial situation at time of initial intake/retainer ($575.00/up).

3. **CONSULTATIONS:** All consultations sought by the Client to be held with any member of The Cohen Law Firm, P.A., whether conducted in-person, or by telephone or e-mail, apart from the initial consultation and during the first appointment at which the schedules are reviewed and signed by the Client, are specifically excluded under this Agreement, and thus not included in the Attorney Fee paid under this Agreement. All such consultations, if desired by the Client, shall be billed for separately and payable by the Client at the following hourly rates: for the first one (1) hour, or for any part thereof, and thereafter billed in 1/10th increments – Attorney Cohen ($625.00); Associate Attorney ($425.00); Paralegal (125.00); Legal Assistant (75.00).

4. **DISCLAIMER OF WARRANTY:** The Attorney has made no warranty or representation as to the successfulness of the case, and all expressions made by the Attorney relative to this case are matters of attorney opinion only.

5. **COSTS OF COLLECTION:** In the event of suit being required to collect fees and costs, the Attorney shall be entitled to reasonable attorney fees and costs of collection.
6. **RETURN OF ORIGINAL DOCUMENTS:** Within the first ninety (90) days following Client's discharge in bankruptcy, Attorney shall, within a reasonable period of time following a written request by the Client, return to Client any and all original documents of Client's which had been provided to Attorney. Following the ninety-day period stated above, Client waives any and all right to the return of any original documents which had been provided to Attorney, as said documents shall be shredded to preserve confidentiality. This clause does not apply to Attorney work product.
7. **NON-WAIVER AND SEVERABILITY:** No changes to this agreement can be made unless in writing signed by both parties. In the event any provision herein is deemed void or voidable, the remaining provisions shall remain in full force and effect. Venue for enforcement of this contract shall be in Broward County, Florida.
8. **STATEMENT OF FACTS AND CIRCUMSTANCES:** The facts and circumstances related by the Client to the Attorney concerning this case are true and correct to the best of Client's knowledge.
9. **RESIDENCY REQUIREMENT:** It is expressly understood that Client's primary residence must be located within the Southern District of Florida in order for Attorney to file this bankruptcy case. Upon the Client having resided outside of this District for more than ninety (90) days, Attorney shall exercise his option and terminate this Agreement. All attorney fees paid pursuant to this Agreement shall be deemed to have been earned when paid and shall be entirely non-refundable.
10. **TERMINATION OF CONTRACT:** It is expressly understood that the Attorney, in his sole and absolute discretion, has the right to determine whether the Client is being fully cooperative, or whether it has become unfeasible to continue, or for non-payment of any fees or costs. The Attorney, upon determination of any such circumstances stated above, reserves the right to withdraw as counsel and terminate this Agreement. The circumstances warranting termination of this Agreement shall also include the failure by the Client to agree to abide by the requirements as imposed by BAPCPA; this shall include, but not be limited to, refusal to accept or adhere to the required monthly Chapter 13 plan payment as imposed under the means test calculation or any other applicable test used to determine disposable income. Failure by the Client to abide by the above imposition, which is a requisite for submission of a feasible Chapter 13 plan, shall warrant immediate termination of this Agreement. The circumstances warranting termination of this Agreement shall also include, but not be limited to, refusal by the Client to agree to file the Chapter 13 bankruptcy case immediately subsequent to the completion by the Attorney and review by the Client of the petition and related documents described in Section 1(c) of this Agreement. Subsequent to the Client being advised of the consequences of filing the Chapter 13 bankruptcy case at such time, and being advised of the available alternatives, including but not limited to filing under Chapter 7 if available, should the Client nevertheless refuse to file the bankruptcy case at such time, said refusal shall warrant immediate termination of this Agreement, subject to the sole discretion of the Attorney. Upon termination of Agreement by either party the Attorney shall be paid his fee earned, and all attorney fees paid pursuant to Agreement shall be deemed to have been earned when paid and shall be entirely non-refundable.
11. **CLIENT RESPONSIBILITIES AND ACKNOWLEDGMENT** of the following:

    It is the Client's responsibility to provide accurate creditor names, current addresses and account numbers. The Client acknowledges that is his/her obligation to obtain accurate arrearages due on all loans. All co-obligors or guarantors must be listed on the schedules. It is the Client's duty to make sure that the schedules and statement of financial affairs which are prepared and signed are accurate and that no misrepresentations are made, since they shall be signed under the penalty of perjury. Any willful misrepresentations may result in criminal proceedings being brought against the Client by the Department of Justice or sanctions by the Court, including dismissal of the case and other penalties. The Client shall provide to Attorney copies of all requested documents in a timely manner; failure to do so may result in the dismissal of Client's case. The Client understands that certain debts are non-dischargeable, including some IRS debts, student loans, alimony, child support, and credit card charges or cash advances within ninety days prior to filing. The Client may have to reaffirm those debts, as well as any car loans, furniture loans, mortgages or other secured loans on property the Client wishes to retain. The Client will receive notice of the §341 meeting of creditors directly from the court. The Client's attendance at the §341 meeting is mandatory. If the Client fails to appear, the case will be dismissed. The Client must present a valid photo ID and original social security card at the §341 meeting, in addition to other necessary and requested documents. The Client understands that plan payments are the sole responsibility of the Client and are due beginning 30 days after the filing date of the petition and must be paid to the Chapter 13 trustee by money order or cashier's check. The Client understands that under a Chapter 13 plan, he/she may be required to agree to a payroll deduction from his/her employer for trustee payments; however, the initial plan payment(s) must be made directly to the trustee by the Client, and that the Client's case will be dismissed if payment is not received by the trustee prior to or at the time of the §341 meeting. The Client may also be required to submit to a §2004 deposition by the trustee and/or any creditor regarding any charges, as well as the Client's financial condition. Failure to appear at the deposition, if scheduled, may result in dismissal of the case or sanctions.

The Client has read this contract and understands and accepts the terms and conditions herein.

SIGNED this 19th day of MARCH, 2020.

_____ _____
CLIENT                                                    CLIENT

ADDENDUM:

(A) The Client acknowledges that the Client has hired the Attorney for advice and representation for the limited and stated matter of Bankruptcy, and will not assume nor expect Attorney to render advice and/or services related to any other matter, legal or otherwise. x_____

(B) The Client acknowledges that the Attorney has explained the different bankruptcy chapters the client may be eligible to file, and the Client has decided to file under Chapter 13. x_____

(C) I/We understand and agree that no petition or other papers in this Chapter 13 case will be filed for or on behalf of me/us unless and until the entire Initial Retainer Sum and court filing fees and costs under this Agreement are paid in full, and that I/we have signed the Chapter 13 petition and associated documents. x_____

(D) I/We understand, agree and accept that the Chapter 13 bankruptcy case will be filed on behalf of the Client by the Attorney following completion by the Attorney and review by the Client of the petition and related documents described in Section 1(c) of this Agreement. Subsequent to the Client being advised of the consequences of filing the Chapter 13 bankruptcy case at such time, and being advised of the available alternatives, including but not limited to filing under Chapter 7 if available, should the Client nevertheless refuse to file the bankruptcy case at such time, said refusal shall warrant immediate termination of this Agreement, subject to the sole discretion of the Attorney. I/We understand, agree and accept that all attorney fees paid pursuant to Agreement shall be deemed earned when paid and shall be entirely non-refundable, and that all representation under Agreement may be terminated by and at the sole discretion of Attorney. x_____

(E) I/We understand, agree and accept that the entire attorney fee due under this Agreement will be paid in its entirety so that my/our bankruptcy case may be filed; and that if the entire Initial Retainer Sum under this representation Agreement is not paid in full at the expiration of the one (1) year period from the date of this Agreement, I/We understand, agree and accept that all attorney fees paid under this Agreement are deemed earned when paid and shall be entirely non-refundable, and that all representation under this Agreement may be terminated by and at the sole discretion of Attorney. x_____

(F) **GRANT OF LIMITED POWER OF ATTORNEY** and authority to execute the Chapter 13 Plan and all other documents necessary. The Client herein consents to the Attorney preparing the Plan and, if necessary, due to time constraints, signing the plan and Client herein grants a limited power of attorney for such purposes and for the purpose of signing any other schedule if needed.
x_____

The above contract for employment is hereby accepted upon the terms stated therein.

THE COHEN LAW FIRM, P.A.

By: _____
For The Firm